UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:14-cr-72 |
| v. | ) | |
| | ) | Judge Mattice |
| CHARLES MASSENGILL | ) | Magistrate Judge Lee |

## ORDER

On February 20, 2015, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1). After an evidentiary hearing, Magistrate Judge Lee recommended that Defendant's Motion to Suppress (*see* Doc. 16) be denied (Doc. 35). Specifically, Magistrate Judge Lee found that: (1) the testimony of the officers was fully credible, and that Defendant's testimony was less credible than that offered by the officers; (2) Defendant's testimony that he failed to understand the conditions of his parole transfer to Tennessee was not credible; (3) Defendant is bound by the search conditions in his Tennessee Parole Certificate; (4) Defendant's transfer of parole and the imposition of Tennessee's search conditions do not render the search in his case unreasonable; (5) the magnitude of the parole search was proper and not unreasonable; (6) based on the credible testimony of the officers, the time, manner, and method of Defendant's detention was reasonable; (7) the search was not unreasonable because a parole officer was not present; (8) the search and destruction of the sealed metal can marked "potato sticks" was reasonable under the circumstances; and (9) under the totality of the circumstances standard, the manner and scope of the search and seizure was entirely reasonable. (Doc. 35 at 14-22). Because she found that the search was lawful, Magistrate Judge Lee also found that there was no reason to suppress Defendant's subsequent statements as "fruit of the

poisonous tree." (*Id.* at 2). Finally, she found that the government had met its burden of proof that Defendant was given proper *Miranda* warnings and knowingly and voluntarily waived his rights. (*Id.* at 22-23). Magistrate Judge Lee declined to address the government's alternative argument regarding good faith, given that she found that suppression was not warranted on other grounds. (*Id.* at 23).

Defendant has now filed objections to Magistrate Judge Lee's Report and Recommendation. (Doc. 36). These objections almost entirely reiterate arguments that Defendant has previously raised – both in his prior briefs and at the evidentiary hearing – which were fully addressed in the Report and Recommendation. (*Compare* Docs. 16-17, 33 *with* Doc. 36). Specifically, Defendant appears to object to Magistrate Judge Lee's credibility determination with respect to the testimony regarding his understanding of parole conditions – such as warrantless parole searches – in Tennessee and Georgia. (Doc. 36 at 2-4). He argues that Magistrate Judge Lee erred in concluding that the officers had a sufficient justification for searching inside the sealed can, and reiterates his position that the officers could have, and should have, obtained a warrant before conducting the search. (*Id.* at 4-5). He objects to Magistrate Judge Lee's conclusions regarding his consent to Tennessee's parole conditions, the absence of a parole officer at the search, and the timing and manner of his detention, but only to the extent that those factors should have been given more weight in the totality of the circumstances analysis to find the search unreasonable. (*Id.* at 2-4, 6, 10). He also argues for a change in the law of the Sixth Circuit, in order to allow consideration of the officer's motivation for conducting a parole search under the totality of the circumstances standard, and that, if that factor were considered in this case, the pretextual nature of the search would weigh in favor of finding the search unreasonable. (*Id.* at 6-10). The Government has now

filed a Response to Defendant's objections, and this matter is ripe for the Court's consideration. (Doc. 37).

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

Defendant did not object to the basic facts as outlined in Magistrate Judge Lee's Report and Recommendation, but rather, only to the findings and legal conclusions related to those facts. After reviewing the record, and finding the facts to be consistent with Magistrate Judge Lee's Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the Report and Recommendation. (Doc. 35 at 2-9). *See, e.g.*, *United States v. Winters*, --- F.3d ----, 2015 WL 1431269, at *4 n.1 (6th Cir. 2013).

The Court's *de novo* review of the portions of the R&R to which Defendant specifically objects results in the same conclusions reached by the magistrate judge. The Court first notes that, to the extent that Defendant challenges Magistrate Judge Lee's credibility determinations, Defendant has pointed to nothing which overcomes the deference afforded to those determinations. *See United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999); *United States v. Pule*, 2013 WL 30219, at *2 (E.D. Tenn. Jan. 2, 2013). The Court thus overrules any objection to Magistrate Judge Lee's credibility determinations.

The Court also agrees with Magistrate Judge Lee's conclusion that an officer's motivation for conducting a search is not relevant under the totality of the

3

circumstances standard that applies to this case. Defendant's argument to the contrary admittedly hinges upon a reversal of the decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Payne*, 588 F. App'x 427 (6th Cir. 2014). This Court, however, remains bound by *Payne* until such time, if any, that it is reversed by the Sixth Circuit. Accordingly, the Court must overrule Defendant's argument that Magistrate Judge Lee erred in failing to consider Detective Hicks' motivations for conducting a parole search in assessing whether the search was reasonable under the totality of the circumstances test.

The Court will also overrule the remainder of Defendant's objections. Magistrate Judge Lee applied the proper legal standards and correctly concluded that the officers' search and destruction of the sealed metal can was reasonable under the context and circumstances of the case, and that the overall search was reasonable under the totality of the circumstances. The Court finds no reason to elaborate on these decisions in light of the well-reasoned and thorough conclusions regarding these issues in the Report and Recommendation, which the Court will **ACCEPT** and **ADOPT BY REFERENCE** as its own.

Accordingly, Defendant's Objections (Doc. 36) are **OVERRULED**; (2) Magistrate Judge Lee's Report and Recommendation (Doc. 35) is **ACCEPTED** and **ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 16) is **DENIED**.

4

**SO ORDERED** this 8th day of April, 2015.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE